FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL DUANE DODD,

           Petitioner,

v.

MICHAEL OBENLAND,

           Respondent.

No. 4:18-CV-05146-SMJ

**ORDER DISMISSING HABEAS PETITION AND DENYING REQUEST TO STAY**

Petitioner Daniel Duane Dodd filed *in forma pauperis* his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Western District of Washington. ECF No. 5. By agreement, the petition was transferred to this District and received on August 29, 2018. ECF No. 11.

Mr. Dodd, a prisoner at the Monroe Correctional Complex, challenges his 2012 Walla Walla County conviction for first degree murder and unlawful possession of a firearm. He was sentenced to 421 months' incarceration. On April 26, 2018, Magistrate Judge Theiler directed Mr. Dodd to show cause why his federal habeas petition should not be dismissed for failure to exhaust state court remedies. ECF No. 6 at 2.

ORDER DISMISSING HABEAS PETITION AND DENYING REQUEST TO STAY - 1

In response, Mr. Dodd requested that his federal habeas petition be stayed. ECF No. 7. As the basis for the request, Mr. Dodd asserts that he filed his motion for discretionary review only one day before the time limit expired. He asserts that "[t]o wait until the Washington Supreme Court issues a decision before bringing the issue here would put him outside the window for filing." *Id.*

Mr. Dodd misapprehends the federal limitations period. A prisoner must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The period of "direct review" includes the ninety-day period during which an inmate may file a writ of certiorari with the United States Supreme Court, whether or not the inmate actually files it. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). According to the information provided by Mr. Dodd, the federal limitations period would not have begun to run until ninety days after February 4, 2015, which is May 5, 2015. *See* ECF No. 5 at 2.

The one-year statute of limitations is tolled in a period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). When a state court concludes that a state habeas petition is untimely, it is not properly filed for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)

ORDER DISMISSING HABEAS PETITION AND DENYING REQUEST TO STAY - 2

("Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Here, if Mr. Dodd timely filed a motion for discretionary review, then the federal limitations period will have continued to toll during the entire pendency of his petition for state collateral review (i.e., from February 25, 2015—the date he filed his Personal Restraint Petition with the Washington State Court of Appeals, Division III—until the Washington State Supreme Court issues its final decision on the petition).

Because Mr. Dodd sought state collateral review even before the federal limitations period began to run, the Court disagrees that he will have insufficient time to file a federal habeas petition once he has fully exhausted his state court remedies. His time limits for doing so are set by statute.

Accordingly, **IT IS ORDERED**:

1. Petitioner's 28 U.S.C. § 2254 habeas action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Petitioner's request for a stay of proceedings, **ECF No. 7**, is **DENIED AS MOOT**.

2. The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Respondent and **CLOSE** this file.

ORDER DISMISSING HABEAS PETITION AND DENYING REQUEST TO STAY - 3

3. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and forward a copy to Petitioner at his last known address.

**DATED** this 5th day of September 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING HABEAS PETITION AND DENYING REQUEST TO STAY - 4